NEIL J. BELLER, LTD.
NEIL J. BELLER, ESQ.
Nevada Bar No. 002360
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 368-7767
Facsimile: (702) 368-7720
nbeller@njbltd.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE MONTE GREENAWALT REVOCABLE TRUST, RUTH GREENAWALT, TRUSTEE and RUTH HILTON-GREENAWALT, individually,<br><br>Plaintiffs,<br>v.<br><br>W. KENDALL BROWN, individually, d/b/a BROWN & ASSOCIATES, and W. KENDALL BROWN as former TRUSTEE OF THE MONTE H. GREENAWALT TRUST dated March 17, 2005,<br><br>Defendants. | CASE NO: 2:12-cv-01983-LRH-VCF<br><br>**FIRST AMENDED COMPLAINT** |

**COME NOW** Plaintiffs THE MONTE GREENAWALT REVOCABLE TRUST, RUTH GREENAWALT TRUST (hereinafter "Trust") and RUTH HILTON-GREENAWALT, individually (hereinafter "Ruth"), by and through their attorney Neil J. Beller, Esq. of Neil J. Beller, Ltd. and pursuant to FRCP 15(a)(1)(B) hereby files this First Amended Complaint against W. KENDALL BROWN, individually, d/b/a BROWN & ASSOCIATES and W. KENDALL BROWN as former Trustee of the Monte H. Greenawalt Trust dated March 17, 2005 (collectively "Brown").

/ / /

1

## I. BACKGROUND FACTS, JURISDICTION

1. At all times mentioned herein, Ruth is and was an individual residing in Clark County, Nevada.

2. Monte H. Greenawalt established the Monte H. Greenawalt Revocable Trust dated March 17, 2005, which was amended and restated in February 2007.

3. Monte H. Greenawalt was a resident of Clark County, Nevada, until his death on December 26, 2007.

4. W. Kendall Brown was the Trustee of the Trust at the time of Monte H. Greenawalt's death.

5. On August 27, 2008, Ruth appointed Premier Trust, Inc. as successor Trustee of the Trust pursuant to Article 3-2.4(b) of the Trust.

6. On February 6, 2012, Ruth under Article 3-2.3 of the Trust as the surviving spouse of Monte H. Greenawalt, Ruth executed a Notice of Removal of Trustee on February 6, 2012, to remove Premier Trust, Inc. as Successor Trustee of the Trust.

7. On February 6, 2012, Ruth executed an Acceptance of Appointment as Successor Trustee of the Trust.

8. W. Kendall Brown ("Brown") is and was at all times relevant hereto an attorney licensed to practice in the State of Iowa.

9. On or about March 17, 2005, Brown, as Trustee of Monte H. Greenawalt Trust, executed a Promissory Note in the sum of $10,185,997.12.

10. The Promissory Note is unclear and appears that the Trust is lending money to the Trust; thus the borrower and the lender appear to be one and the same.

11. To date the sum of $10,185,997.12 is unaccounted for.

2

12. There appears to be a conflict of interest in this transaction in that Brown was not only representing Monte H. Greenawalt as Trustee of the Trust, but was also acting as Monte H. Greenawalt's personal attorney. Brown has refused and continues to refuse to confirm this conflict and despite repeated demands, has failed to produce a waiver of conflict of interest.

13. Venue and jurisdiction in this Court is proper pursuant to 28 USC § 1332.

## FIRST CAUSE OF ACTION

### (Professional Negligence)

14. Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

15. An attorney has the duty to use the skill, prudence, and diligence as other members of his professional commonly possess and exercise.

16. Brown through his actions in representing both Greenawalt and the Trust breached that duty.

17. Brown has failed and continues to fail to provide Plaintiffs with any type of waiver of conflict despite repeated demands.

18. The Ohio Rules of Professional Conduct are clear as to conflict of interest and through his actions, Brown breached those rules.

19. American Bar Association Code of Professional Responsibility "a lawyer should represent a client competently" was breached by Brown through his actions and conflict of interest in his personal representation of Greenawalt while serving as Trustee of the Trust.

20. Through Brown's negligence there remains the sum of $10,185,997.12 in Trust

funds, evidenced through a Promissory Note dated March 17, 2005, ostensibly loaning the sum from the Trust to the Trust.

21. Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

22. It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

## SECOND CAUSE OF ACTION

### (Accounting)

23. Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

24. There exists a fiduciary relationship between the Trust and Brown in that Brown was not only serving as counsel to Monte Greenawalt, but also as Trustee of the Trust.

25. The relationship between Brown and the Trust was one of trust and confidence.

26. As the Successor Trustee, Brown is bound to an accounting to Ruth of all Trust funds and the whereabouts of same, including the $10,185,997.12, evidenced by Exhibit 1.

27. Brown has a duty to provide an accounting to Ruth.

28. Although repeated demands have been made, Brown has failed to provide an account of the $10,185,997.12 in Trust assets.

29. Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

30. It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

///

4

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

31. Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

32. A fiduciary relationship existed between Brown and the Trust upon the acceptance of his appointment as Trustee of the Trust.

33. Brown was under a duty to act and give advice for the benefit of the Trust.

34. Brown failed in his duties to the Trust. Brown did not act with the utmost faith in his duties as Trustee of the Trust, and as such the sum of $10,185,997.12 in Trust assets are to this date unaccounted for.

35. Plaintiffs, and each of them, have suffered losses as a result of Brown's actions and the breach of his duty to the Trust.

36. Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

37. It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

## FOURTH CAUSE OF ACTION

### (Constructive Fraud)

38. Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

39. Greenawalt and Brown had a confidential relationship.

40. Due to that confidential relationship, Brown had a duty to protect the Trust and the Trust assets.

41. Brown breached that duty when he caused the unclear and ambiguous Promissory Note of March 17, 2005, to be drafted and then executed same.

42. As a result of Brown's breach of his duties to the Trust, Ruth has been damaged in the sum of $10,185,997.12 in trust assets that remain unaccounted for.

43. Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

44. It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

## FIFTH CAUSE OF ACTION

### (Conversion)

45. Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

46. Brown, as Trustee of the Trust, had control over the assets of the Trust and he wrongfully exercised that control in executing the Promissory Note dated March 17, 2005.

47. Brown has denied Ruth, the rightful owner of the Trust assets, the use and enjoyment of those funds from the Trust.

48. Brown, knowing full well the money belonged to the Trust, and full well knowing his duties as an officer of the court, intended to harm the Trust by his negligence in drafting and executing the Promissory Note.

49. The Plaintiffs have been damaged by Brown's actions.

50. Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

51.     It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

## SIXTH CAUSE OF ACTION

### (Gross Negligence)

52.     Plaintiffs repeat and reallege their allegations hereinabove inclusively, as though set forth herein, and incorporates the same by this reference.

53.     Brown, by virtue of his profession as an attorney had full knowledge of his duties as Trustee of the Trust.

54.     Brown willfully and wantonly through his failure to obtain a waiver of conflict of interest and through the ambiguous, unclear, and fully executed Promissory Note by his own hand failed in his duties.

55.     Brown was negligent, as both an attorney, and as Trustee, in his handling of the Trust.

56.     Plaintiffs have been damaged by Brown's actions in an amount in excess of $10,000, the exact amount of which shall be proven at the time of trial in this matter.

57.     It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action and Plaintiff is therefore entitled to attorney fees and costs.

WHEREFORE, Plaintiffs pray as follows:

1.     For general damages in an amount in excess of $10,000, the exact amount of which to be proven at trial;

2.     For the return of the Trust funds;

3.     For interest upon the Trust funds;

4.     For punitive damages;

5.  For an award of reasonable attorney fees and costs; and

6.  For such other and further relief as the Court deems just and proper.

DATED this ___ day of December, 2012.

                                     **NEIL J. BELLER, LTD.**

                                     NEIL J. BELLER, ESQ.
                                     Nevada Bar No. 002360
                                     7408 W. Sahara Avenue
                                     Las Vegas, Nevada 89117
                                     Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the law firm of Neil J. Beller, Ltd., and on the 26th day of December, 2012, service of the foregoing **FIRST AMENDED COMPLAINT** was made by depositing a true and correct copy of the same in the United States mail, first class postage prepaid, addressed to the following:

Danielle A. Kolkoski, Esq.
Joseph P. Garin, Esq.
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9080 West Post Road, Suite 100
Las Vegas, Nevada 89148-2419

_____
An Employee of