UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE MONTE GREENAWALT REVOCABLE TRUST; RUTH GREENAWALT, TRUSTEE; and RUTH HILTON-GREENAWALT, individually,<br><br>Plaintiffs,<br><br>v.<br><br>W. KENDALL BROWN, individually d/b/a BROWN & ASSOCIATES; and W. KENDALL BROWN, as former TRUSTEE OF THE MONTE H. GREENAWALT TRUST,<br><br>Defendants. | 2:12-CV-01983-LRH-VCF<br><br>ORDER |

This dispute concerns allegedly missing trust funds. Plaintiffs the Monte Greenawalt Revocable Trust and Ruth Hilton-Greenawalt ("Hilton-Greenawalt") initially filed their complaint in July 2012 in Nevada state court, alleging professional negligence, breach of fiduciary duty, fraud, conversion, and gross negligence against defendant W. Kendall Brown, and demanding an accounting. (Complaint #1-1.) Brown removed to this court based on diversity jurisdiction, *see* 28 U.S.C. § 1332, alleging as a basis for such jurisdiction that "Brown is a[n] attorney licensed to practice in the State of Iowa" and that Hilton-Greenawalt is a resident of Nevada. (Pet. for Removal #1, p. 3:1-12.) Though Hilton-Greenawalt amended her complaint once as a matter of right, *see* Fed. R. Civ. P. 15(a), the amended complaint also alleged as a basis for diversity jurisdiction that

"Brown is and was . . . an attorney licensed to practice in the State of Iowa" and that Hilton-Greenawalt "is and was an individual residing in . . . Nevada." (Am. Compl. #9, ¶¶ 1, 8.)

Under the federal removal statute, 28 U.S.C. § 1441(b), a non-local defendant may remove a civil action from state to federal court based on diversity of citizenship under 28 U.S.C. § 1332. In order to determine complete diversity of citizenship required for jurisdiction under § 1332, the court may survey the initial complaint or other "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The removing defendant bears the burden of alleging diversity where diversity is not apparent from the state complaint. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). However, § 1441 is "strictly construed against removal jurisdiction," *id.*, and a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Brown's allegation that he is (or was) licensed to practice law in Iowa is insufficient to establish complete diversity in accordance with § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.[1] *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) . Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

The same goes, of course, for a person licensed to practice law in a particular state. Brown has therefore failed to carry his burden upon removal. *Prize Frize, Inc.*, 167 F.3d at 1265. Since none of the other filings reveal diversity of citizenship between the parties sufficient for this court's jurisdiction under § 1332, and since the court has an obligation to examine its own jurisdiction even where no party has challenged removal, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116

---

[1] The citizenship of trustees is determinative of the citizenship of the associated trusts. *See* Fed. R. Civ. P. 17(a).

2

1  (9th Cir. 2004), the court finds that Brown's Petition for Removal is defective. Accordingly, Brown
2  is granted leave to amend his Petition. *See* 28 U.S.C. § 1653; *see also McMahon v. Bunn-O-Matic*
3  *Corp.*, 150 F.3d 651, 654 (7th Cir. 1998).

5  IT IS THEREFORE ORDERED that Brown is granted twenty-one (21) days from the date
6  of entry of this order to cure his defective Petition for Removal.
7  IT IS SO ORDERED.
8  DATED this 12th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3