UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE MONTE GREENAWALT REVOCABLE TRUST; RUTH GREENAWALT, TRUSTEE; and RUTH HILTON-GREENAWALT, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>W. KENDALL BROWN, individually d/b/a BROWN & ASSOCIATES; and W. KENDALL BROWN, as former TRUSTEE OF THE MONTE H. GREENAWALT TRUST,<br><br>        Defendants. | 2:12-CV-01983-LRH-VCF<br><br><u>ORDER</u> |

This dispute concerns allegedly missing trust funds. Before the court is defendant W. Kendall Brown's Motion for Summary Judgment and Motion to Dismiss (#11[1]). Plaintiffs the Monte Greenawalt Revocable Trust and Ruth Hilton-Greenawalt ("Hilton-Greenawalt") have responded (#14), and Brown has replied (#17). Also before the court is Hilton-Greenawalt's Motion for Leave to Amend (#23), to which Brown has responded (#24), and Hilton-Greenawalt has replied (#25).

//

//

---

[1] Refers to the court's docket number.

**I.     Facts and Background**

Monte Greenawalt partially owned a company called Foot Levelers, Inc., through the Monte H. Greenawalt Revocable Trust (the "Nevada Trust"). (Brown Decl. #24-5, ¶ 4.)  His son Kent owned the other portion. (*Id*.)

On March 17, 2005, Greenawalt settled the Monte H. Greenawalt Trust (the "Iowa Trust"), naming his attorney, defendant W. Kendall Brown, as trustee. (Hilton-Greenawalt's Response #24, Ex. 6.) That same day, Greenawalt gifted about ten percent of his ownership interest in Foot Levelers from the Nevada Trust to the Iowa Trust, and he "sold" his remaining shares to the Iowa Trust for over $10 million. (Brown Decl. #24-5, ¶ 5.) This purchase was funded by a loan from the Nevada Trust to the Iowa Trust of the purchase price, as memorialized in a promissory note. (Hilton-Greenawalt's Response #24, Ex. 7.) Brown executed the promissory note as trustee on behalf of the Iowa Trust. (*Id*.) Brown also acted as escrow agent for the transfer of stock between the two trusts. (Hilton-Greenawalt's Response #24, Ex. 8.)

Brown claims that the Iowa Trust repaid the loan in full by January 29, 2007. (Brown Decl. #24-5, ¶ 7.) These payments were made to Monte Greenawalt himself, as beneficiary of the Nevada Trust, in nine installments, between April 2005 and January 2007. (*Id*. at ¶ 8.) The first eight payments ranged from about $450,000 to about $700,000. (*Id*.) The last payment was for $7,523,131.51, consisting of cash, bonds, and stock. (*Id*. at ¶ 9.) Monte Greenawalt died in December 2007. (First Amended Complaint ("FAC") #9, ¶ 3.) The Iowa Trust Agreement provided that the Iowa Trust estate devised to Greenawalt's son Kent upon Greenawalt's death. (Hilton-Greenawalt's Response #24, Ex. 6 at Art. IV.)

Thereafter, the Nevada Trust went through a series of trustees before plaintiff Hilton-Greenawalt, Greenawalt's widow, appointed herself as trustee on February 6, 2012. (Hilton-Greenawalt's Decl. #25-2, ¶ 2.) Hilton-Greenawalt alleges that several payments on the promissory note that should have been made to the Nevada Trust were not, in fact, made.

//

Hilton-Greenawalt initially filed her complaint in July 2012 in Nevada state court, alleging professional negligence, breach of fiduciary duty, fraud, conversion, and gross negligence against Brown, and demanding an accounting. (Complaint #1-1.) Brown removed to this court based on diversity jurisdiction,[2] and Hilton-Greenawalt filed an amended complaint asserting the same causes of action. Prior to answering, Brown moved for summary judgment on the professional negligence, breach of fiduciary duty, and gross negligence claims. Brown also moved to dismiss the fraud claim. Based in part on Brown's filings in connection with his Motion for Summary Judgment, Hilton-Greenawalt filed for leave to amend her complaint within the window established by the court's Scheduling Order. (*See* Order #21.) The proposed amended complaint alleges claims for breach of contract and unjust enrichment, and it demands an accounting.

**II.    Legal Standard**

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely granted when "justice so requires." "In exercising its discretion [to grant leave to amend] 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion for leave to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.* After providing a reason to believe that "justice" requires amendment, the party opposing amendment shoulders the burden of persuading the court that justice requires denial. *See Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989).

Here, Brown has argued that Hilton-Greenawalt's amendment will be futile. Whether amendment is "futile" is determined by the standard applicable to motions to dismiss under Rule

---

[2] Acting *sua sponte*, the court ordered Brown to properly allege the basis of removal jurisdiction (#27). Brown has done so (#28).

3

12(b)(6). *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Under this standard, the amended complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading requirements. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). These requirements include a short and plain statement of the claim that avoids bare legal conclusions and contains factual allegations "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**III.    Discussion**

Hilton-Greenawalt has successfully alleged her breach of contract claim and her demand for accounting. Brown argues that Hilton-Greenawalt has not alleged the existence of a valid contract and that Nev. Rev. Stat. ("N.R.S.") § 163.120(3) immunizes Brown from personal liability, but both arguments fail. First, Brown is correct in noting that a Nevada breach of contract claim requires the plaintiff to allege the existence of a valid contract in addition to breach and damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) (citations omitted). The valid contract at issue here is the promissory note between the Nevada Trust and the Iowa Trust, the existence of which Hilton-Greenawalt has sufficiently alleged. Second, N.R.S. § 163.120(1) provides that a claim against a trust "may be asserted . . . by proceeding against the trustee in the capacity of representative, whether or not the trustee is personally liable on the claim." Accordingly, Brown's personal liability is irrelevant to his status as a named defendant in an action against the Iowa Trust. Hilton-Greenawalt's breach of contract claim is, therefore, not "futile."

Brown also argues that Hilton-Greenawalt is not entitled to an accounting because this equitable cause of action only applies where the plaintiff and the defendant shared "relations of a mutual and confidential nature." (Brown's Response #24, p. 6:18-19 (citing *300 Broadway Realty Corp. v. Kommit*, 235 N.Y.S.2d 205, 206 (Sup. Ct. 1962).) "Although courts typically grant an accounting where a fiduciary relationship exists between the parties, courts have extended the

4

remedy of accounting to nonfiduciaries where 'dealings between the parties are so complex that an equitable master, and not a jury, is required to sort out the various dealings between the parties.'" *Oracle USA, Inc. v. Rimini St., Inc.*, 2010 WL 3257933, at *6 (D. Nev. Aug. 13, 2010) (quotation marks and citation omitted). Here, Hilton-Greenawalt has alleged "complex dealings" sufficient to state a plausible demand for accounting.

However, Hilton-Greenawalt's unjust enrichment claim fails as a matter of law. In Nevada, the elements of an unjust enrichment claim are "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under such circumstances, such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (1981) (citation omitted). Hilton-Greenawalt has alleged in her amended complaint that "Brown has unjustly retained the benefit of the Promissory Note" and that "Brown's retention of the benefit . . . violates fundamental principles of justice and equity." (Second Amended Complaint #23-2, ¶¶ 25-26.) Yet upon a motion to dismiss under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, allowing Hilton-Greenawalt leave to allege the unjust enrichment claim would be futile.

**IV.   Conclusion**

Hilton-Greenawalt is granted leave to amend. Only the breach of contract claim and the demand for accounting may go forward. Consequently, Brown's Motion for Summary Judgment and Motion to Dismiss is moot.

IT IS THEREFORE ORDERED that Brown's Motion for Summary and Motion to Dismiss (#11) is DENIED as moot.

//

//

//

5

IT IS FURTHER ORDERED that Hilton-Greenawalt's Motion for Leave to Amend (#23) is GRANTED in accordance with the restrictions noted above.

IT IS SO ORDERED.

DATED this 22nd day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE